

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CANDANCE CROOKS, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:09-CV-259-A |
| | § |
| WAL-MART STORES OF TEXAS, LLC, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND
ORDER

Now pending in the above-captioned action is the partial motion to dismiss for failure to state a claim upon which relief may be granted filed by defendant, Wal-Mart Stores of Texas, L.L.C. Having considered the motion, the response of plaintiff, Candance Crooks, defendant's reply, and applicable authorities, the court concludes that defendant's motion should be granted.

I.

Nature of the Action

Plaintiff filed the instant action in state district court on February 12, 2009. Defendant timely removed the case to this court, based on diversity of citizenship. In her state court petition, plaintiff contends that she was "forced into terminating her employment and/or discriminated against based

upon her sex and in retaliation for complaints about sexual harassment." Def.'s App. in Supp. of Am. Notice of Removal at 3. Plaintiff brings claims for sexual harassment, retaliation, and wrongful termination in violation of the Texas Labor Code.

## II.

### The Motion for Partial Dismissal

Defendant argues that plaintiff's claim for retaliation should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted, because she failed to properly exhaust administrative remedies by not including this claim in her charge of discrimination ("Charge") filed with the EEOC.

## III.

### Applicable Legal Standards

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no

2

set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. However, the Supreme Court has held that it did not quite mean its "no set of facts" statement in Conley. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562-63 (2007) (stating that the Conley "no set of facts" statement "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," at 563).

In evaluating whether the complaint states a viable claim, the court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Bell Atlantic, 550 U.S. at 555 (stating that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations, brackets, & quotation marks omitted)); Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). On a motion to dismiss for failure to state a claim,

courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). In deciding a motion to dismiss, the court may generally consider the complaint and its proper attachments. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

IV.

Analysis

It is well-settled that a plaintiff seeking relief under the Texas Labor Code must exhaust administrative remedies as a precondition to filing suit. Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002); Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 485 (Tex. 1991).[1] Such precondition is met once the plaintiff has timely filed a charge with the EEOC and received a right-to-sue letter. Taylor, 296 F.3d at 379. Where, as here, plaintiff's Charge and her claim filed in the civil suit are not identical, the court must decide whether such Charge was sufficient to meet the exhaustion requirement. The Fifth Circuit

---

[1] Because the law governing claims under the Texas Labor Code and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., is identical, the court may rely on cases interpreting Title VII in its analysis of plaintiff's claims. Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 403 n.2 (5th Cir. 1999).

4

> interprets what is properly embraced in review of
> a Title-VII claim somewhat broadly, not solely by
> the scope of the administrative charge itself, but
> by the scope of the EEOC investigation which can
> reasonably be expected to grow out of the charge
> of discrimination. [The court] engage[s] in fact-
> intensive analysis of the statement given by the
> plaintiff in the administrative charge, and
> look[s] slightly beyond its four corners, to its
> substance rather than its label.

Pacheco v. Mineta, 448 F.3d 783, 789 (5th Cir. 2006) (internal citations & quotation marks omitted). Following this analysis, if the court concludes that the plaintiff's Charge was sufficient to encompass her retaliation claim brought in the subsequent civil suit, then the exhaustion requirement has been met.

Here, defendant argues that dismissal of plaintiff's retaliation claim is proper for failure to exhaust because (1) she failed to check the box labeled "retaliation" on the face of the Charge; (2) the Charge alleges no facts concerning retaliation; and (3) any retaliatory conduct of which plaintiff could complain occurred prior to the date on which she filed her Charge. The substantive portions of plaintiff's Charge state:

    A.    I was sexually harassed on a daily basis by David (LNU), Co-worker, such harassment included but is not limited to feeling on my butt and breast, and saying to me, "We were going to play bing, bing." Which meant having sex together; and

    B.    On June 16, 2008, I was forced to resign (Constructively Discharge).

App. in Supp. of Pl.'s Resp. to Def.'s Mot. to Dismiss at 2. These brief statements contain no facts or statements regarding retaliation. The court concludes that the scope of the EEOC investigation which could reasonably be expected to grow out of these statements in the Charge could not have included a claim of retaliation.[2] Perez v. MCI World Com Commc'ns, 154 F.Supp.2d 932, 938 (N.D. Tex. 2001); McCray v. DPC Indus., Inc., 942 F.Supp. 288, 294-95 (E.D. Tex. 1996).

Defendant further argues that because all of the events of which plaintiff complained in the Charge and in her state court petition occurred prior to the date on which she filed the Charge, she was required to exhaust her administrative remedies by specifically advancing a claim of retaliation. The court agrees. Although a plaintiff need not exhaust administrative remedies prior to bringing a claim of retaliation growing out of a previously filed EEOC charge, exhaustion is required where the alleged retaliatory acts occurred before filing the charge. Kelly v. Capital One Auto Fin., 2008 WL 2653202 (N.D. Tex. July 7, 2008); McCray, 942 F.Supp. at 294-95.

---

[3]Although defendant's motion is grounded, in part, on plaintiff's failure to check the "retaliation" box on her Charge, in its reply defendant concedes that such failure is not dispositive of whether plaintiff exhausted her administrative remedies. Pacheco v. Mineta, 448 F.3d 783, 792 (5th Cir. 2006).

6

In attempting to establish exhaustion of her retaliation claim, plaintiff advances a number of arguments regarding what constitutes a "charge." Plaintiff's arguments are unavailing. Citing the EEOC regulations governing a charge of discrimination, she contends that a charge that omits some of the statutorily required information may still suffice when the "EEOC receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Pl.'s Resp. to Def.'s Mot. to Dismiss at 5 (quoting 29 C.F.R. § 1601.12(b)). While such may be an accurate statement of the law, it fails to salvage plaintiff's retaliation claim, as the Charge fails to describe, generally or otherwise, any retaliatory acts or practices.

Plaintiff's response further urges the court to consider her "Discharge Questionnaire" ("Questionnaire") submitted in conjunction with her Charge[3], claiming that this document "averred that she had been constructively terminated after complaining about unwanted sexual harassment at the hands of a

---

[4]In considering a motion to dismiss for failure to state a claim upon which relief may be granted, the court may consider the complaint and its attachments. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000). Here, plaintiff's Charge was attached as an exhibit to the pleadings; the Charge states that the Questionnaire is attached thereto.

7

coworker," id. at 7, and that she "swore that she was (constructively) terminated by Wal-Mart after complaining about sexual harassment," id. at 1-2. Plaintiff's averments in her response, however, are far stronger than the actual allegations in the Questionnaire, pertinent portions of which state:

> I was forced to resign (constructively discharge) because Management failed to take corrective actions against David (LNU), B/M for verbally and physically sexually harassing me on a daily basis.
>
> . . . .
>
> I was forced to resign (constructively discharge) my employment because of daily verbal and sexual harassment by my co-worker, David (LNU), B/M and management officials failed to do anything about it.
>
> . . . .
>
> Karl (LNU), Assistant Manager of Wal-Mart Store #5312, was well aware of the daily verbal and sexual harassment by David (LNU), toward me because I had reported the sexual harassment to him. Karl (LNU), Assistant Manager, had lied to me about David (LNU) was no longer employed with Wal-Mart.
>
> On more than one occasion, I had to ask a friend of mines [sic] to come to my job when my other co-workers went to lunch so I would not be alone in the Deli with this man (i.e., David LNU). David would say to me "Hurry up there's enough time to play bing, bing before everyone gets back from lunch."
>
> Since my constructive discharge, Wal-Mart calls me almost everyday. Maybe 5 or 6 times a day to return to work. I never respond to their calls because I do not feel that they will protect me from this type of assault.

8

> Finally, when management failed to correct and protect me from the daily verbal and sexual harassment by David (LNU), then it was time for me to resign under forced resignation (constructively discharge). I feared for my safety because of the verbal and physical sexual assault.

App. in Support of Def.'s Motion to Dismiss at 4-5. The sum of plaintiff's allegations is that a co-worker sexually harassed her and management did nothing about it. Nothing in the Questionnaire could be construed as a claim that defendant retaliated against plaintiff based on her complaints of sexual harassment. The court concludes that a claim of retaliation could not reasonably be expected to grow out of plaintiff's Charge or the Questionnaire. Accordingly, plaintiff has failed to exhaust her administrative remedies as to that claim. Wooten v. Fed. Express Corp., 2007 WL 63609 (N.D. Tex. Jan. 9, 2007); Hayes v. MBNA Tech., Inc., 2004 WL 1283965 (N.D. Tex. June 9, 2004).

V.

Order

Therefore,

For the reasons discussed above,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claim of retaliation be,

and is hereby, dismissed.

SIGNED August 5, 2009.

_____
JOHN McBRYDE
United States District Judge